UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JAQUAN L. HALL, | : | Case No. 2:23-cv-3742 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WASHINGTON COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

This civil rights case is before the Court for the required initial screening of JaQuan L. Hall's Amended Complaint. (ECF No. 5.) For the reasons that follow, the undersigned Magistrate Judge concludes that some of Plaintiff's claims may **PROCEED** to further development at this time. The Undersigned **RECOMMENDS** that the Court **DISMISS** the remainder.

**I.**     **Parties and Background**

Plaintiff JaQuan Hall is currently a prisoner at Ross Correctional Institution. (ECF No. 5, PageID 51.) His claims appear to concern his time as pretrial detainee at the Washington County Jail. He is proceeding in this case without the assistance of counsel.

The case began when Plaintiff filed a pro se "Notice of Intent to File Complaint for Violation of Civil Rights" in the Washington County, Ohio, Court of Common Pleas on October 14, 2023. (*See* ECF No. 2 (instituting Case No. 23 OT 271).) He named five Defendants: Washington County Jail, Officer Joshua Elliott, Officer T.J. Flowers, Officer Ison, and Cpt. Carr. (*Id.*)

On November 6, 2023, Defendants together filed a Notice of Removal to this Court. (ECF No. 1.) The Undersigned found that removal appeared proper but that the Complaint was insufficient, and ordered Plaintiff to file an Amended Complaint. (ECF No. 4.) Plaintiff did so. (ECF No. 5.) Defendants filed an Answer. (ECF No. 6.)

In the Amended Complaint, Plaintiff names the same five Defendants. (ECF No. 5, PageID 49, 52.) Among other things, he alleges that Officers Elliot and Flowers harassed him, threatened him, put him in danger, violated his attorney-client privilege, opened his legal mail, refused to send out his mail to the news media, and violated his right to the equal protection of the law. (ECF No. 5, PageID 53.) Factually, Plaintiff alleges that Elliot kept him in a cold classroom until 4:00 a.m. the night before Plaintiff had to go to court, made fun of him, his (unexplained) disorder, and his family, told other inmates details about his criminal charges, and told Plaintiff that Elliot was going to make sure Plaintiff spent the rest of his life in prison. (*Id*.) Plaintiff alleges Elliot committed perjury and lied on the stand. (*Id*.)

Flowers was allegedly with Elliot the night in the classroom, and the incident allegedly occurred because of him. (*Id*.) Plaintiff says that Flowers also used racial slurs, wanted to fight Plaintiff in a bathroom, told other inmates about his criminal case, said he had a target on his back after Plaintiff filed a grievance against him, and put him in "the hole" for minor rule infractions for which other inmates would not get similarly punished. (*Id*.)

Plaintiff appears to allege that Officer Ison was involved in an incident where Plaintiff discovered "blue ink" inside his food after he complained about Flowers. (ECF No. 5, PageID 55.) He also alleges that Ison repeated or was present for Flower's statement that he had a target on his back, told him to stay off the radar, and admitted that Plaintiff was being closely watched. (*Id*.)

2

Plaintiff alleges that he reported Flowers to Captain Carr, who told Plaintiff that Flowers was the reason he was being "targeted." (*Id*.) Plaintiff also alleges that Carr accused Plaintiff of trying to start a riot, and that Carr neglected his duties to ensure that his staff members were following the rules and policies. (*Id*.)

Finally, Plaintiff alleges that this "lawsuit is against Washington County Jail." (*Id*., PageID 52.) He says that the Jail:

> Allowed these claims to happen without disciplinary action to their staff. Ignored my grievances, did not file every one of my complaints/grievances, and allowed violations of their policies to go unpunished. I've complain[ed] to administration about my Federal and Constitutional Rights being violated. Grievance officers failed to investigate and/or solve these issues.

(*Id*., PageID 56.)

As relief, Plaintiff seeks $1 million in damages from all Defendants, as well as a $5,000 donation to a designated college fund, and several types of non-financial orders.

## II.  Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen his Amended Complaint. 28 U.S.C. § 1915A(a); *see also Ra-El v. Shelby Cnty*., No. 16-cv-2082, 2017 WL 1048099, at *1 (W.D. Tenn. Mar. 17, 2017) ("Notwithstanding the fact that this case was removed from state court, the Court is required to screen prisoner complaints . . ."). The Court must dismiss the Amended Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29

3

(1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

4

and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. Discussion

The Undersigned reads the Amended Complaint (ECF No. 5) as raising federal civil rights claims under 42 U.S.C. § 1983, which in general requires Plaintiff to plead and show "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

With the benefit of briefing on the merits of the issues presented in the Amended Complaint, the Undersigned concludes that Plaintiff may **PROCEED** further on the following claims:

1. The legal mail/attorney-client privilege claim(s) against Elliot and Flowers (First Amendment and/or Sixth Amendment);[1]

2. The "classroom" claim against Elliot and Flowers (First Amendment and/or Fourteenth Amendment);[2]

---

[1] This claim or claims may relate to Plaintiff's assertion that Defendants refused to send out his mail to the news media, or they may relate to a claim that these officers read his incoming legal mail from his criminal defense attorney, which is how they knew details about his case. Further development is appropriate.

[2] It is unclear whether Plaintiff presents this claim as a First Amendment access-to-courts type claim, or a Fourteenth Amendment unconstitutional-punishment type claim. *See Washington v. Davenport,* No. 4:20-cv-P148, 2021 WL 666965, at *3 (W.D. Ky. Feb. 19, 2021) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)) ("As a pretrial detainee rather than a convicted prisoner, Plaintiff has a Fourteenth Amendment right not to "be punished prior to an

3. The <u>retaliation claim(s)</u> against Elliot, Flowers, Ison, and Carr concerning their alleged response to Plaintiff's grievances (First Amendment);

4. The related <u>equal protection claim</u> against Elliot and Flowers (Fourteenth Amendment);

5. The <u>claim about blue ink in Plaintiff's food</u> against Ison (presumably, the Fourteenth Amendment);[3] and

6. The <u>supervisory liability claim</u> against Carr concerning Flowers' actions.[4]

These claims, as presented in the Amended Complaint and reviewed for screening purposes, appear worthy of further development. (ECF No. 5.) The Undersigned expresses no opinion on the merits at this time, or whether there may be defenses to them or procedural bars that will prevent Plaintiff from ultimately obtaining relief.

The Undersigned will **RECOMMEND** that the remaining claims be **DISMISSED.** First, the Undersigned clarifies that while the retaliation claim(s) may proceed, the alleged denial of Plaintiff's grievances or Defendants' failure to file, investigate, or respond to his grievances does not independently state a constitutional claim. "Although this practice would indeed be frustrating, 'there is no inherent constitutional right to an effective prison grievance procedure.'" *Culberson v. Franklin Cnty. Corr. Ctr. II*, No. 2:22-cv-3671, 2022 WL 17600955, at *9 (S.D.

---

adjudication of guilt in accordance with due process of law."). Further development is appropriate.

[3] It is not clear from the Amended Complaint whether Plaintiff is alleging that Ison put the blue ink in his food, or that Ison failed to appropriately respond when Plaintiff complained about the blue ink in his food. Further development is appropriate.

[4] *See Peatross v. City of Memphis*, 818 F.3d 233, 241-42 (6th Cir. 2016) ("a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another," but may be held liable if it is shown that (among other things) he or she "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers").

Ohio Dec. 13, 2022), *report and recommendation adopted*, 2023 WL 3180755 (S.D. Ohio May 1, 2023) (quoting *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.")); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). Thus, to the extent Plaintiff raises claims based solely on the handling of his grievances, those claims should be dismissed.

Any claims against Elliot and Flowers based on the alleged use of harassing and/or threatening language should also be dismissed. "Harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." *Mallory v. Smith*, No. 3:17-cv-P253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) (collecting cases); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). Likewise, "verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment." *Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) (citing *Ivey*, 832 F.2d at 955). This includes the use of racial slurs. *See Millay v. Wiggins*, No. 4:21-cv-P116, 2021 WL 5763562, at *2 (W.D. Ky. Dec. 3, 2021) (and cases cited therein) (defendant's use of a racial slur was "unprofessional and deplorable" but "fails to give rise to a constitutional claim"). Here,

while the Court does not approve of this alleged behavior, the allegation that Elliot and Flowers made harassing or threatening comments, or that one of them used a racial slur, does not itself state a § 1983 claim.

Plaintiff further alleges that Elliot and Flower put him in danger. (ECF No. 5, PageID 53.) This allegation may be related to the allegations that they told other inmates about Plaintiff's criminal case.[5] (*Id*.) Plaintiff may intend this allegation to raise a failure-to-protect claim against Elliot and Flowers.

"Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Here, however, there are no allegations in the Amended Complaint that Plaintiff was injured or harmed by other inmates because of Elliot and Flowers' comments. Without any alleged physical injury, he does not state a claim for a failure to protect. *See Mitchell v. Washington*, No. 2:19-cv-10633, 2019 WL 2005916, at *3 (E.D. Mich. May 7, 2019) (and the cases cited therein) ("The major problem with plaintiffs [failure to protect] claim is that he was not actually physically assaulted at the [prison] as a result of the defendants' alleged acts. To state a failure-to-protect claim, a plaintiff must allege physical injury."). This claim should be dismissed.

Plaintiff alleges that Elliot committed perjury and "lied on the stand." (ECF No. 5, PageID 53.) Plaintiff cannot succeed on this claim:

> for [purposes of] perjury claims, "all witnesses—police officers as well as lay witness—are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983). A witness

---

[5] The Amended Complaint is not clear on this point. It may be that these are unrelated allegations, and that Plaintiff intended the statement about Elliot and Flowers telling other inmates about his criminal case as proof that they had in fact opened and read his legal mail. As noted above, the legal mail claim is proceeding. Any failure-to-protect claim should be dismissed.

>is entitled to testimonial immunity "no matter how egregious or perjurious that
>testimony was alleged to have been." *Spurlock v. Satterfield*, 167 F.3d 995, 1001
>(6th Cir. 1999).  Accordingly, Plaintiff's perjury claims fail.

*Parker v. W. Carroll Special Sch. Dist.*, No. 1:18-cv-1236, 2019 WL 2323632, at *3 (W.D. Tenn. Apr. 11, 2019), *report and recommendation adopted*, No., 2019 WL 1783053 (W.D. Tenn. Apr. 23, 2019), *aff'd*, No. 19-5456, 2020 WL 2070281 (6th Cir. Apr. 1, 2020) ("§ 1983 'does not allow recovery of damages against a private party for testimony in a judicial proceeding' even if the testimony constituted perjury.") (internal citations omitted).  This claim should be dismissed.

To the extent that Plaintiff suggests that Defendants wrote false conduct reports against him, those claims should also be dismissed.  (*See, e.g.*, ECF No. 5, PageID 55 (Captain Carr accused Plaintiff of starting a riot).)  The Sixth Circuit has said that "[a] prisoner has no constitutional right to be free from false accusations of misconduct."  *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *4 (6th Cir. Apr. 23, 2019) (quoting *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003)); *see also Johnson v. Osborne*, No. 1:21-cv-3, 2021 WL 2077908, at *3 (S.D. Ohio Apr. 27, 2021), *report and recommendation adopted*, 2021 WL 2093258 (S.D. Ohio May 24, 2021) ("Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right.").  These allegations may be relevant to the retaliation claims that are proceeding, but do not state a separate claim on their own.

Some allegations in the Amended Complaint describe events occurring in the Jail but do not include enough information to present an identifiable claim.  For example, Plaintiff alleges that Officer Flowers "wanted to fight me while I was in the bathroom, and stepped inside to incite me to swing on him."  (ECF No. 5, PageID 53.)  He does not allege that Flowers used force or excessive force against him, or otherwise took any physical or disciplinary action

against him as a result of this incident. (*Id*.) Even reading the Amended Complaint liberally, the Undersigned is unable to identify a plausible constitutional violation in this allegation, and so will recommend that it be dismissed.

Plaintiff also alleges that Officer Ison did *not* take him to segregation because Ison learned the Plaintiff had been keeping an "incident report book" of what had happened to him. (ECF No. 5, PageID 55.) While this information may be relevant to other claims, no separate discernable constitutional claim is stated within this allegation.

Finally, all claims against the Washington County Jail should be dismissed. A jail is not a "person" who can be sued under Section 1983. *See Hughes v. Donini*, No. 1:13-cv-569, 2013 WL 5521671, at *4 (S.D. Ohio Oct. 3, 2013) (and the cases cited therein) (dismissing all claims against the Scioto County Jail because it is not a legal entity capable of being sued); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, because a county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Switek v. Midland Cnty. Jail*, No. 21-cv-12711, 2022 WL 19004342, at *2 (E.D. Mich. Apr. 26, 2022) (finding that the plaintiff's claims against the county jail "are frivolous and fail to state a viable claim because 'a jail is not a "person" subject to suit under § 1983.'"). All claims against the Washington County Jail should therefore be dismissed.[6]

---

[6] Even if this Court were to construe the Complaint as having sued Washington County, it fails to state a claim. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the

IV.     **Pending Motions**

Defendants have filed a motion for leave to manually filed two exhibits referenced in their Answer. (ECF No. 7.) This motion is **GRANTED**.

Plaintiff has filed a letter asking for counsel to appointed, for a pretrial conference, and for discovery, among other things. (ECF No. 9.) First, there is no constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Accordingly, Plaintiff's request for appointed counsel (ECF No. 9) is **DENIED** at this time. If this matter proceeds past motions to dismiss and motions for summary judgment, Plaintiff may renew his motion. *See Henry v. City of Detroit Manpower Dep't.*, 763 F.2d 757, 760 (6th Cir. 1985) (district courts considering motions for appointment of counsel "should at

---

existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff has not alleged sufficient facts upon which the Court could rely to conclude that an official policy or custom of Washington County resulted in the violation of his constitutional rights. He simply alleges that the Jail allowed his injuries to happen and did not remedy his complaints. (ECF No. 5, PageID 56.) Any construed claims against Washington County therefore would also be subject to dismissal.

least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit").

Plaintiff's request for a pretrial conference appears to be based on his allegation that Defendants' Answer shows that they violated his rights. (*See* ECF No. 9, PageID 92.) The Undersigned determines that a conference is not needed at this time; Defendants have indicated they will file a motion for judgment on the pleadings (*see* ECF No. 7, PageID 87), to which Plaintiff will have the opportunity to respond. At this time, the request is **DENIED**.

Finally, Plaintiff asks that evidence from Meigs County (not Washington County, with which Defendants are affiliated) be turned over to a family member. This request is also **DENIED** at this time. Requests for discovery are generally not to be filed with the Court. Fed. R. Civ. P. 5(d)(1). Information about conducting discovery and may be found in the Court's Guide for Pro Se Civil Litigants and the Court's local rules may be accessed online at the Court's website https://www.ohsd.uscourts.gov/pro-se

**V.     Summary and Conclusion**

Having screened the Amended Complaint under 28 U.S.C. § 1915A, the Undersigned determines that the following six claims may **PROCEED** to further development:

1. The legal mail/attorney-client privilege claim(s) against Elliot and Flowers (First Amendment and/or Sixth Amendment);

2. The "classroom" claim against Elliot and Flowers (First Amendment and/or Fourteenth Amendment);

3. The retaliation claim(s) against Elliot, Flowers, Ison, and Carr concerning their alleged response to Plaintiff's grievances (First Amendment);

4. The related <u>equal protection claim</u> against Elliot and Flowers (Fourteenth Amendment);

5. The <u>claim about blue ink in Plaintiff's food</u> against Ison (presumably, the Fourteenth Amendment); and

6. The <u>supervisory liability claim</u> against Carr concerning Flowers' actions.

The Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims (including all of claims against Washington County Jail), for the reasons discussed above.

Defendants' motion to manually file exhibits is **GRANTED**. (ECF No. 7.) Plaintiff's motion for counsel, a conference, and discovery is **DENIED** at this time. (ECF No. 9.)

Plaintiff is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**VI.** **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

13

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

January 19, 2024                                             *s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE