**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JaQuan L. Hall,** | : |
| | : |
| | : Case No. 2:23-cv-03742 |
| **Plaintiff,** | : |
| v. | : Judge Graham |
| | : |
| **Washington County Jail,** *et al*, | : Magistrate Judge Deavers |
| | : |
| **Defendants.** | : |

**OPINION & ORDER**

This matter is before the Court upon Plaintiff JaQuan L. Hall's objections (ECF No. 14) to the Magistrate Judge's *Order and Report and Recommendation* (ECF No. 10). For the reasons that follow, the Court **OVERRULES** Petitioner's objections (ECF No. 11; ECF No. 14)) and **ADOPTS** the Magistrate Judge's *Order and Report and Recommendation* (ECF No. 10). Accordingly, the Court **DENIES** Plaintiff's motion for appointed counsel and for relief related to discovery matters (ECF No. 9).

**STANDARD OF REVIEW**

Section 636 of Title 28 of the United States Code sets forth the jurisdiction and powers of magistrate judges, and, in so doing, "essentially creates two different standards by which district courts review a magistrate judge's finding." *Monroe v. Houk*, No. 2:07-CV-258, 2016 WL 1252945, at *1 (S.D. Ohio Mar. 23, 2016). As to dispositive motions—e.g., a motion to dismiss or a motion for summary judgment—or an initial screening pursuant to 28 U.S.C. § 1915A, a magistrate judge may be designated to make a report and recommendation to the district court for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). When a prisoner seeks redress from a governmental entity, the court must screen the complaint and dismiss any portion of the complaint which is determined to be "frivolous, malicious, or fails to state a claim upon which relief can be

[1]

granted; or… seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A (West).

When a party raises timely objections to a magistrate judge's report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

As to non-dispositive motions, magistrate judges may be designated to hear and determine "any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). When reviewing such determinations by the magistrate judge, the district court may reconsider the determination "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## DISCUSSION

The Magistrate Judge construed Plaintiff's Amended Complaint as raising civil rights claims under 42 U.S.C. § 1983. In addition to the initial screening of Plaintiff's Amended Complaint (ECF No. 5), the Report and Recommendation ("R&R") (ECF No. 10) addresses Defendants' motion to manually file certain exhibits (ECF No. 7), and Plaintiff's motion for appointed counsel and other relief (ECF No. 9). Neither motion is dispositive, and thus the Court may reconsider the relevant portions of the R&R to the extent that the Magistrate Judge's conclusions are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the initial screening pursuant to 28 U.S.C. § 1915A results in the recommendation of dismissal of

certain claims, Plaintiff is entitled to *de novo* review of the Magistrate Judge's determinations upon timely objections.

Pursuant to the initial screening of Plaintiff's Amended Complaint, the Magistrate Judge recommended that the following claims be permitted to proceed to further development:

1. The legal mail/attorney-client privilege claim(s) against Elliott and Flowers (First Amendment and/or Sixth Amendment);
2. The "classroom" claim against Elliot and Flowers (First Amendment and/or Fourteenth Amendment);
3. The retaliation claim(s) against Elliot, Flowers, Ison, and Carr concerning their alleged response to Plaintiff's grievances (First Amendment);
4. The related equal protection claim against Elliot and Flowers (Fourteenth Amendment);
5. The claim about the blue ink in Plaintiff's food against Ison (presumably, the Fourteenth Amendment); and
6. The supervisory liability claim against Carr concerning Flowers' actions.

R&R, 13, ECF No. 10. Accordingly, the Magistrate Judge recommends that the balance of the claims be dismissed. *Id.*

### 1. Timeliness of Plaintiff's Objections.

Defendants challenge the timeliness of Plaintiff's objections. Defs.' Resp., 2, ECF No. 16. The Federal Rules of Civil Procedure require that parties file objections to a magistrate judge's report and recommendation within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b). However, when a party is served by mail, "3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). In this case, the Magistrate Judge's R&R was filed on January 19, 2024. ECF No. 10. In the ordinary course, with immediate service through electronic filing, objections would be due on approximately February 2, 2024. But Plaintiff is incarcerated and must be served by mail. In any event, Plaintiff filed his objections on February 7, 2024, in which he alleged that he did not receive the R&R until January 26, 2024. ECF No. 10. The certificate of

service purports to have served (via mail) the objection on Defendants' counsel on February 2, 2024, and the envelope scanned with Plaintiff's objections shows a postmark date of February 5, 2024. Thus, the Court finds that the Plaintiff's February 7 objections were timely filed. *Cf. Price v. Ohio Dep't of Rehab. & Corr.*, 649 F. Supp. 3d 598, 604 (S.D. Ohio 2023) (delay of four days "happens enough that the Court surmises such a delay could occur at no fault of the inmate.")

Defendants did not file any response to Plaintiff's objections filed February 7, 2024. On March 14, 2024, Plaintiff again filed objections to the January 19 R&R. ECF No. 14. Plaintiff's February 7 filing is docketed as "Objections," and his March 14 filing is docketed as a "Motion for Reconsideration." However, the respective filings are substantively identical, with only slight formatting differences. ECF No. 11; ECF No. 14. On March 22, 2024, Defendants *did* respond to the March 14 filing, in which they challenged both the timeliness and substance of the objections therein. ECF No. 16. Defendants' response makes no mention of Plaintiff's February 7 objections—as to which, notably, Defendants' March 22 response would be well past the 14 day-period provided by rule for responding to objections. *Id.*; Fed. R. Civ. P. 72(b). However, by re-filing his objections on March 14, Plaintiff effectively opened the door to allow Defendants another opportunity to file a timely response.

This is all to say that (1) the Court finds that Plaintiff's objections were timely filed on February 7, 2024, (ECF No. 11) and thus he is entitled to the Court's *de novo* review of the portions of the R&R which recommend dismissal of certain claims; and (2) the Court may properly consider the arguments raised by Defendants in their March 22 response (ECF No. 16), notwithstanding Defendants' apparent disregard of Plaintiff's earlier, identical filing. Regardless of Plaintiff's objections or the timing thereof, however, the Court may depart from the Magistrate Judge's

determinations as to non-dispositive matters only when such determinations are shown to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### 2. Grievance Process Claims

The Magistrate Judge recommended that "to the extent Plaintiff raises claims based solely on the handling of his grievances, those claims should be dismissed." R&R, 7, ECF No. 10. Specifically, dismissal is recommended for any claims based on "Defendants' failure to file, investigate, or respond to [Plaintiff's] grievances." *Id.* at 6. In his objections, Plaintiff argues that the Defendants' failure to process his grievances is an actionable claim because of the requirement, pursuant to the Prison Litigation Reform Act (PLRA), that Plaintiff exhaust his administrative remedies before challenging the conditions of his confinement. ECF No. 11, 2. However, "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). Plaintiff has cited no law to the contrary. Therefore, the Court finds no merit in Plaintiff's objection to this portion of the R&R.

### 3. Discovery Claims

In a letter filed January 9, 2024, Plaintiff requested that this Court "order evidence be turned over from Meigs County to me through a family member or friend." ECF No. 9, 2. The Magistrate Judge denied this request, noting that "[r]equests for discovery are generally not to be filed with the Court," and directing Plaintiff to resources for pro se litigants. ECF No. 10, 12. Indeed, pursuant to the Federal Rules of Civil Procedure, discovery requests, including "requests for documents or tangible things," "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(A)(1). Rather, discovery requests must be served upon the party from whom discovery is sought. Plaintiff's objections merely reiterate his reasons for

seeking discovery, which are irrelevant to this function of procedure. ECF No. 11. Plaintiff has not shown the Magistrate Judge's decision regarding discovery matters to be clearly erroneous or contrary to law.

### 4. Verbal Threats

The Magistrate Judge noted that "the allegation that Elliot and Flowers made harassing or threatening comments, or that one of them used a racial slur, does not itself state a § 1983 claim." ECF No. 10, 8. Therefore, "[a]ny claims against Elliot and Flowers based on the alleged use of harassing and/or threatening language should be dismissed." *Id.* at 7. Plaintiff objects to this recommendation, arguing that the verbal threats or harassment constitute a violation of the Eighth Amendment. ECF No. 11, 5. The Magistrate Judge squarely addressed this argument, citing the voluminous case law which firmly rejects the same. ECF No. 10, 7; *cf. Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) ("[V]erbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment."); *see also Christopher B. v. O'Malley*, No. 123CV00028GNSLLK, 2024 WL 112499, at *1 (W.D. Ky. Jan. 10, 2024) ("When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error."). Plaintiff's objections as to this issue are without merit.

### 5. Motion to Appoint Counsel

Plaintiff requested that counsel be appointed in his letter to the Court, filed January 10, 2024. ECF No. 9. In the R&R, the Magistrate Judge addressed the request as follows:

> First, there is no constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.

[6]

> The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Accordingly, Plaintiff's request for appointed counsel (ECF No. 9) is **DENIED** at this time. If this matter proceeds past motions to dismiss and motions for summary judgment, Plaintiff may renew his motion.

R&R, 11, ECF No. 10. In his objections, Plaintiff simply reiterates his desire for counsel and indicates that he is currently receiving assistance from a paralegal. Plaintiff has not shown the Magistrate Judge's decision on the matter of appointed counsel to be clearly erroneous or contrary to law.

### 6. Dangerous Circumstances.

Plaintiff alleged in his Amended Complaint that Elliot and Flowers put him in danger, an allegation that the Magistrate Judge construed as a potential failure-to-protect claim. R&R, 8, ECF No. 10. However, because Plaintiff did not allege any physical injury—a necessary element of a failure-to-protect claim—the Magistrate Judge recommended that this claim be dismissed. *Id.* In his objections, Plaintiff elaborates on his claim to specify that he was put in danger by Elliot's and Flowers' disclosure of Plaintiff's personal information. ECF No. 11, 7. Regardless, Plaintiff has not cured the deficiency of his potential failure-to-protect claim, and the allegation that the officers placed Plaintiff in dangerous circumstances does not itself state a § 1983 claim. The Court notes that these allegations may comprise part of Plaintiff's retaliation and/or legal mail claims, both of which the Magistrate Judge recommends be allowed to proceed to further development. ECF No. 10, 8.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's *Order and Report and Recommendation* (ECF No. 10). Plaintiff's objections thereto are without merit and the Court therefore **OVERRULES** the same (ECF No. 11; ECF No. 14). Plaintiff's motion for appointed counsel and discovery-related relief is **DENIED** (ECF No. 7).

The following claims shall **PROCEED** to further development:

1. The legal mail/attorney-client privilege claim(s) against Elliott and Flowers (First Amendment and/or Sixth Amendment);
2. The "classroom" claim against Elliot and Flowers (First Amendment and/or Fourteenth Amendment);
3. The retaliation claim(s) against Elliot, Flowers, Ison, and Carr concerning their alleged response to Plaintiff's grievances (First Amendment);
4. The related equal protection claim against Elliot and Flowers (Fourteenth Amendment);
5. The claim about the blue ink in Plaintiff's food against Ison (presumably, the Fourteenth Amendment); and
6. The supervisory liability claim against Carr concerning Flowers' actions.

All remaining claims, including all claims against Defendant Washington County Jail, are hereby **DISMISSED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 10, 2024