IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAQUAN L. HALL,

    **Plaintiff,**

                            Civil Action 2:23-cv-3742
                            Judge James L. Graham
    v.                         Magistrate Judge Elizabeth P. Deavers

WASHINGTON COUNTY
JAIL, *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court on several filings made by Plaintiff JaQuan L. Hall, currently a state prisoner incarcerated at the Ross Correctional Institution ("RCI") proceeding here *pro se*. The Court addresses these filings as follows.

First, Plaintiff has filed a motion in limine (ECF No. 35) requesting that the Court "exclude and suppress all evidence, documents, testimony and evidence that relates to an incident between Mr. Hall and Marshall Kremer" and "den[y] any statements, testimony, related to Mr. Hall being shot." (*Id*. at 5.) According to Plaintiff, these topics "ha[ve] nothing to do with the claims in this case and Mr. Hall has chosen to invoke his fifth amendment rights." (*Id*. at 1.) Defendants have responded in opposition, asserting that Plaintiff has filed his motion in limine "*relatively* early in this case" in an effort to prevent discovery into his conduct while a resident of the Washington County jail. (ECF No. 37.) Defendants dispute Plaintiff's view that

the topics at issue have nothing to do with the claims in this case. As Defendants see it, Plaintiff has put his conduct at the Washington County jail at issue through his retaliation claim.

To the extent that Plaintiff intends his motion as a motion in limine, the Court finds that any ruling on such a motion at this time is premature. "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial." *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.,* 575 F. Supp. 3d 948, 952 (S.D. Ohio 2021) (quotation and citations omitted). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id*. (quotation and citations omitted). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id*. The denial, in whole or in part, of a motion *in limine* does not admit all evidence contemplated by the motion; it simply means that the court cannot adjudicate the motion outside of the trial context. *Id*. This matter is awaiting summary judgment briefing and has not been set for trial. (ECF Nos. 21, 22.) For this reason, Plaintiff's motion is **DENIED** without prejudice to renewal at the proper time, as appropriate.

To the extent Plaintiff's motion is more properly construed as a motion for a protective order to prevent discovery into certain matters, the motion is also **DENIED.**

Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense...." Fed. R. Civ. P. 26(c)(1). The burden of establishing good cause for a protective

2

order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550–551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case ...."). The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required .... The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Here, Plaintiff has provided no basis for a protective order other than his conclusory assertion that the topics at issue are not relevant. That is insufficient to demonstrate good cause for a protective order.

Further, Plaintiff has filed a "Request an Order for Evidence" requesting that the Court order the Meigs County Sheriff to "turn over his property to his family, power of attorney and/or his paralegal," invoking Fed.R.Civ.P. 37. (ECF No. 36.) Plaintiff's request is **DENIED.** Rule 37, encompassing motions to compel for failure to make disclosures or cooperate in discovery, has no application here. The Meigs County Sheriff is not a party to this action and Plaintiff has not otherwise demonstrated the applicability of Rule 37 to the Sheriff under the circumstances here. Moreover, even if Plaintiff's request could be construed as a discovery matter (and it is not at all clear that it could), the Court "cannot grant a motion to compel discovery from a non-party

when no underlying subpoena exists." *Tarrier Steel Co., v. Wesex Corp.*, No. 2:18-CV-00528, 2019 WL 1567533, at *7–8 (S.D. Ohio 2019).

Plaintiff also has filed an "Order Request for Documents from Marrietta Memorial Hospitol" requesting that the Court order non-party Marietta Memorial Hospital to produce documents.  (ECF No. 38.)  This request also is **DENIED.**   Again, the Court cannot compel discovery from a non-party in the absence of an underlying subpoena.  *Tarrier Steel*, 2019 WL 1567533, at *7–8.

Next, Plaintiff also has filed an "Order Request for Deposition Audio Recording" requesting that the Court order the court reporter at Plaintiff's deposition "to turn over the audio recording to Mr. Hall."  (ECF No. 39.)  In this same filing, he requests the Court's assistance in scheduling the deposition of non-party witness, Tiffany Allen, the grievance officer for the Washington County Jail.[1]  These requests also are **DENIED.**

Turning first to the matter of the audio recording, as already stated, the Court cannot compel discovery from a non-party in the absence of an underlying subpoena.  *Tarrier Steel*, 2019 WL 1567533, at *7–8.  With respect to the matter of the depositions, Plaintiff provides no information as to Ms. Allen's specific involvement in this matter and what material facts would be uncovered by deposing her.  At most, Plaintiff cites her role as the grievance officer and states that "[h]er testimony is need to establish foundation for the evidence in this case."  (EC No. 39 at 4.)  These conclusory and cryptic reasons do not suffice to persuade the Court that Ms. Allen's deposition is necessary here.

---

[1] Plaintiff states that he has been trying to schedule the deposition of two non-party witnesses in this case but he identifies only Tiffany Allen. (ECF No. 39 at 5.)

4

Additionally, Plaintiff filed a letter which the Court construes as a motion for an extension of the discovery deadline on January 17, 2025, seeking a new deadline of March 12, 2025. (ECF No. 47.) Defendants did not oppose the request set forth in the letter. Nevertheless, Plaintiff's requested deadline now has passed. Accordingly, Plaintiff's motion for an extension of the discovery deadline is **DENIED** as moot.

Finally, Plaintiff has filed a document captioned as "Plaintiff Response to Defendants Responses to Supplemental Discovery Request." (ECF No. 48.) In this filing, Plaintiff appears to take issue with certain aspects of Defendants' responses. For example, Plaintiff challenges Defendants' representation that releasing photos from inside the jail creates an operational security risk. Further, Plaintiff claims that the policies the Defendants produced were not the policies he requested. He also makes vague reference to "conversations and reports" he requested which presumably were not produced. Plaintiff also filed a document captioned as "Submission of Plaintiff Discovery" suggesting that he has been unable to view all of the discovery produced by Defendants because it was sent in the form of a flash drive, creating various obstacles to his review. (ECF No. 49.)

It is unclear from Plaintiff's filings whether he is seeking any relief from the Court on these issues. This is in contrast to Plaintiff's many other filings which, although the Court has found them to be without merit, made clear Plaintiff's request for relief. To the extent that Plaintiff has any issue with the Defendants' document production, the proper avenue for relief would have been to file a motion to compel specifically identifying the requests at issue and setting forth particularized arguments.

For its part, the Court will not construe Plaintiff's filings as such a motion. Plaintiff does not "include a certification that the movant has in good faith conferred or attempted to confer

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."). Indeed, although leniency is afforded to *pro se* plaintiffs, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017), Plaintiff's failure to include a good-faith certification is fatal to any expectation that the Court might do so. *Johnson v. Chambers-Smith*, No. 2:22-CV-02455, 2023 WL 3243198, at *2–3 (S.D. Ohio May 4, 2023). Accordingly, the Court will not address these filings further nor require Defendants to respond to them.

For the reasons stated above Plaintiff's filings (ECF Nos. 35, 36, 38, and 39) are **DENIED.** Plaintiff's letter, construed as a motion for an extension of time (ECF No. 47), is **DENIED as moot.**

**IT IS SO ORDERED.**


**Date: March 21, 2025**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**